NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANNON FARAZI,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>ORACLE OF AMERICA, INC.,<br><br>   Defendant - Appellee. | No. 24-7239<br><br>D.C. No.<br>2:24-cv-01133-GJL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding[**]

Submitted April 22, 2026[***]

Before: LEE, DESAI, and JOHNSTONE, Circuit Judges.

Shannon Farazi appeals pro se from the district court's judgment dismissing

her employment action. We have jurisdiction under 28 U.S.C. § 1291. We review

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

 [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). We affirm.

The district court properly dismissed for failure to timely exhaust Farazi's claims under Title VII because Farazi failed to allege facts sufficient to show that she timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e)(1) (providing that a charge of discrimination must be filed with the EEOC within 300 days of the allegedly unlawful practice where the person aggrieved has initially instituted proceedings with a State agency with authority to grant or seek relief from such practice); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018) (describing exhaustion requirements for Title VII claims).

The district court properly dismissed Farazi's claims under the Immigration and Nationality Act, as amended by Immigration Reform and Control Act of 1986, because Farazi's charges were based on the same set of facts as her claim under Title VII. *See* 8 U.S.C. § 1324b(b)(2) (prohibiting charges "based on the same set of facts [as a claim] filed with the [EEOC] under title VII").

The district court did not abuse its discretion in denying Farazi's motion for reconsideration because Farazi failed to show any basis for relief. *See* Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255,

1262-63 (9th Cir. 1993) (setting forth standard of review and stating documents available at time of opposition to summary judgment were not "newly discovered evidence" warranting reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**